IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-CV-02416-REB-CBS

DIVERSATEX, INC., d/b/a
ROCKY MOUNTAIN CONCEPTS,

    Plaintiffs,

vs.

NORTHWEST ART MALL, INC.,
an Oregon corporation, and WILKES PETTYJOHN, an individual.

    Defendants.

## PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c), and upon a showing of good cause in support of the entry of a Protective Order to protect the production, discovery, and dissemination of confidential information and/or sensitive financial data, records, or accounts in the possession or control of Plaintiff Diversatex, Inc. d/b/a Rocky Mountain Concepts ("Plaintiff") and Defendants Northwest Art Mall, Inc. and Wilkes Pettyjohn ("Defendants"), with the Plaintiff and Defendants collectively referred to herein as the Parties", IT IS HEREBY ORDERED:

1.    This Protective Order shall apply to all Documents produced by the Parties in discovery pursuant to the discovery duties created by the Federal Rules of Civil Procedure.

2.    Based on the representations of the Parties, the Court finds that discovery in this case is likely to involve information that is confidential because it contains

-2-

sensitive financial and proprietary information.  Further, the public release of certain information may interfere with, or injure, the Parties ongoing operation of their respective businesses.  Accordingly, the Court finds that it is appropriate and necessary to enter this Protective Order to facilitate discovery while protecting the confidential nature of information where appropriate and necessary.

3. As used in this Protective Order, "Document" and "Documents" shall mean all Documents and electronically stored information produced in discovery of this action. The term document includes all things within the scope of Fed. R. Civ. P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

4. If counsel for one of the Parties has reviewed the information to be disclosed in discovery and believes, in good faith pursuant to the standards set forth in Fed. R. Civ. P. 26(c), that the information is confidential or otherwise is entitled to protection, it may be designated CONFIDENTIAL by marking the documents "CONFIDENTIAL" (collectively, "Confidential Information").

5. Confidential Information shall not be disclosed or used for any purpose except the preparation and trial of this case.  Confidential Information may not be disclosed to anyone other than those persons designated in Paragraph 7 below, except by express written agreement of the party who produced such Confidential Information or by order of the Court.  The protections granted by this Protective Order shall not be waived.

6. Confidential Information may be reproduced for litigation management purposes only.  Electronically reproduced Confidential Information must retain the mark

"CONFIDENTIAL" and should also contain a document control designation unique to the producing party.

7. The receiving party shall not disclose Confidential Information to any person, except that such information may be disclosed to:

    (a) The Parties' officers, directors, members, legal counsel and staff members directly involved in this case and attorneys actively working on this case;

    (b) persons regularly employed or associated with the attorneys actively working on the case, whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    (c) expert witnesses and consultants retained in connection with this proceeding, and the administrative staff of such experts, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    (d) witnesses in preparation for or during any deposition, hearing or trial;

    (e) the Court, and necessary Court staff; and

    (f) other persons by written agreement of the Parties.

8. Prior to disclosing any Confidential Information to any person listed in Paragraphs 7(a), (b), (c), and (f), counsel for the disclosing party shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and

shall be subject to in camera review by the Court should it become necessary to review compliance with this Protective Order.

9. Notwithstanding the provisions of this Protective Order, nothing in this Protective Order shall:

(a) Limit a Party's use or disclosure of its own Confidential Information;

(b) Prevent disclosure of Confidential Information with the written consent of counsel for the producing Party;

(c) Apply to information in the public domain or obtained from sources other than discovery in this Litigation regardless of whether such information is also contained in Confidential Information;

(d) Apply to Confidential Information disclosed in any exhibit list filed in preparation for trial or introduced into evidence or for purposes of impeachment at trial.

10. Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof shall be designated as Confidential and shall be subject to the provisions of this Protective Order. Such designation may be made on the record during the deposition, but any party may also designate portions of depositions as Confidential after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty days after notice by the court reporter of the completion of the transcript.

11. In the event that the Parties (or any Party) desire to use Confidential Information as an exhibit to a Court document, not including depositions, the

Confidential Information shall be filed under seal in accordance with D.C.Colo.LCivR 7.2 and District of Colorado Electronic Case Filing Procedure VI.A.2, and must retain the mark "CONFIDENTIAL" with the unique document control stamp of the producing Party.

12. Any Party may object to the designation of particular information as CONFIDENTIAL by giving written notice to counsel for the Party designating the disputed information. The written notice shall identify the information to which the objection is made and the basis for any challenge to the designation. If the Parties cannot resolve the objection within fourteen business days after the time the notice is received, the Party designating the disputed information as CONFIDENTIAL shall make an appropriate motion pursuant to Magistrate Judge Shaffer's discovery dispute procedures (as provided for in the Courtroom Minutes/Minute Order filed on 11/28/2012 in this case at Doc. 17 and incorporated herein by this reference) requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. In connection with a motion filed under this provision, the Party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL. The disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the Party designating disputed information as CONFIDENTIAL fails to make such a motion within fourteen business days after receiving the written notice, the disputed information shall no longer be considered Confidential Information under the terms of this Protective Order.

-6-

13. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

14. Within 45 days of the conclusion of this case by dismissal with prejudice, entry of judgment disposing of all issues and claims, and/or the termination of any appeal or time to file an appeal, unless other arrangements are agreed in writing by the Parties, each Document, including all copies (electronic and physical) thereof which have been designated by a Party as Confidential shall be returned to that Party or destroyed. This obligation to return or destroy Confidential Documents shall apply to all persons who receive Confidential Documents pursuant to Paragraph 7, above. Within 60 days of the conclusion of the case, any party receiving Confidential Information shall, upon notice, provide counsel for the producing Party with written confirmation of its compliance with this provision.

15. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of the documents produced subject to it.

16. This Protective Order may be modified by the Court at any time for good cause shown following notice to all Parties and an opportunity for them to be heard.

DATED at Denver, Colorado, on December 18, 2012.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

APPROVED:

| | |
|---|---|
| *s/ Sean M. Hanlon* | *s/ David M. Hollar* |
| Jonathan S. Bender | David M. Hollar |
| Sean M. Hanlon | David M. Hollar, PLLC |
| Holland & Hart LLP | 161 Washington Street |
| Post Office Box 8749 | Conshohocken, PA  19428 |
| Denver, Colorado 80201-8749 | dhollar@villarilaw.com |
| Phone: (303) 295-8000 | *Attorney for Plaintiff* |
| Fax: (303) 295-8261 | |
| Email: jsbender@hollandhart.com; smhanlon@hollandhart.com | |
| *Attorneys for Defendants* | |

5890800_1.DOCX